NED LYNCH--CA ST. BAR NO. 149680
Attorney At Law
110 West C Street, Suite 1407
San Diego, CA 92101
Telephone: 619-525-0081

Attorney for the Material Witnesses

**United States District Court**

**Southern District of California**

(Hon. William McCurine, Jr.)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0548DMS(WMC) |
| Plaintiff, | **Material Witnesses' Memorandum Of Points And Authorities In Support Of Their Motion For Videotape Depositions And Their Release From Custody** |
| v. | |
| JOSE ROSARIO URQUIZA-CABERA, and JOSE ANTHONY MONTERO, | Date:  March 20, 2008 |
| Defendants. | Time:  9:30 a.m.<br>Judge: William McCurine, Jr.<br>Room: C |

Material witnesses Adrian Maqueda-Ramirez and Rodrigo Zamora-Peralta [the "Material Witnesses"], by and through their counsel, attorney Ned Lynch, submit this memorandum of points and authorities in support of their motion to take their videotape depositions and thereafter be released from custody.

**Case Overview**

On February 13, 2008 the Material Witnesses were detained in the Southern District of California in relation to the charges brought against defendants Jose Rosario Urquiza-Cabera and Jose Anthony Montero for violating 8 U.S.C. § 1324 by attempting to smuggle the Material Witnesses and others into the U.S. illegally as undocumented aliens. The Material Witnesses are allegedly being detained as material witnesses under 18 U.S.C. § 3144.

The Material Witnesses have been unable to arrange for their release by bail, and by the time this motion will be heard they will have been in custody for 5 weeks. However, it is unnecessary to keep the Material Witnesses in custody much further, because their testimony can be preserved through the use of videotaped depositions. The Material Witnesses therefore request the court order their testimony be preserved through the use of videotaped depositions, and that they thereafter be released immediately from the custody of the U.S. Marshal for return to their home country. [A draft of the proposed order for the videotaped depositions is attached to this memorandum as Exhibit A.]

**The Testimony Of The Material Witnesses Can Be Secured By Videotape Depositions,**

**And There Is No Compelling Reason To Keep Them In Custody**

Title 18, section 3144 of the United States Code provides:

> "No material witness may be detained . . . if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice."

Depositions of material witnesses may be used at trial in criminal cases, so it is only in exceptional circumstances, where the interests of justice will be denied, that a videotape deposition is not appropriate. [See IIRIRA § 219 (admissibility of videotape depositions); see also, United States v. King 552 F.2d 833 (9th Cir. 1976) (cert. denied, 430 U.S. 966).] The defendant may be present at the videotape depositions and therefore have a full and fair opportunity to cross-examine the witnesses. The videotape provides a sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. [Dutton v. Evans, 400 U.S. 74, 89 (1970).]

The burden is on the objecting party to show that the use of deposition testimony will deny defendant a fair trial and that live testimony would somehow be significantly different. [United States v. Humberto Rivera, 859 F.2d 1204, 1208 (4th Cir. 1988).]

The Material Witnesses should not be detained because their testimony can be adequately secured by depositions. This is a routine alien smuggling case. Based on interviews with the Material Witnesses and the reports submitted by the arresting agency, the facts to which the Material Witnesses are competent to testify are straight-forward. (See paragraph 6 of the declaration of Attorney Ned Lynch submitted with these points and authorities.)

1    The Material Witnesses have no criminal charges pending against them relating to this matter, and they have already spent a considerable amount of time in custody (5 weeks by the motion hearing). It is very important to them to be released as soon as possible. Despite the efforts of the Material Witnesses and their counsel to locate potential sureties, they are unable to locate anyone who legally resides in the United States who is willing and able to post a court bond for them as yet. Both witnesses have wives and young children who depend on them for support. The Material Witnesses and their families are enduring emotional, mental, and economic hardships from their indefinite incarceration without being charged with a crime. (See paragraphs 3 and 4 of the declaration of Attorney Ned Lynch submitted with these points and authorities.)

Moreover, the Material Witnesses and their counsel have not been informed by either the government or defense attorney of a specific reason why further detention of the witnesses is necessary *to prevent a failure of justice*. (See paragraph 5 of the declaration of Attorney Ned Lynch submitted with these points and authorities.)

**Conclusion**

The Material Witnesses request the court grant their motion to take their videotape depositions and that they be released from custody immediately thereafter.

Dated: March 6, 2008             s/Ned Lynch
                                 Ned Lynch, Attorney for the Material Witnesses
                                 E-mail: nedlynch@aol.com

# Exhibit A
# Sample Draft Of The Order

**United States District Court**

**Southern District of California**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. _____ |
| Plaintiff, | ) | **Deposition Order For Material Witnesses** |
| v. | ) | |
| _____, | ) | |
| Defendant. | ) | |

Upon request of material witnesses _____ [the "material witness"], by and through their attorney, Ned Lynch, and good cause appearing:

**Order**

1. The material witnesses being held in custody in case number _____ shall be deposed on _____, at _____ a.m/p.m. The depositions will take place in the office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California.

2. All parties, meaning the United States and the defendant(s), shall attend the material witness depositions. The arresting agency shall bring the material witnesses to the depositions. If, in custody, the defendant shall be brought separately to the deposition and a marshal shall remain present during the proceeding.

3. The United States Attorney's Office shall provide a videotape operator ("operator") and, if necessary, arrange for a court-certified interpreter to be present for the material witnesses. The cost of the interpreter for the material witnesses shall be borne by the United States Attorney's

1  Office.

2      4.    If a defendant needs an interpreter other than the interpreter for the material witnesses
3  (if any), then defense counsel shall arrange for a court-certified interpreter to be present. The cost
4  of a separate interpreter for the defendant shall be paid by the court.

5      5.    The United States Attorney's Office shall arrange for a certified court reporter to be
6  present. The court reporter shall stenographically record the testimony, serve as a notary and preside
7  at the depositions in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost
8  of the court reporter shall be borne by the United States Attorney's Office.

9      6.    The depositions shall be recorded by videotape, meaning a magnetic tape that records
10  sound as well as visual images. At the conclusion of each deposition, on the record, the witness or
11  any party may elect to have the witness review the videotape record of the deposition to check for
12  errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for
13  making them, shall be stated in writing, signed by the witness, delivered to the notary in a sealed
14  envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree
15  on the record to a different procedure.

16      7.    The operator shall select and supply all equipment required to videotape the
17  depositions and shall determine all matters of staging and technique, such as number and placement
18  of cameras and microphones, lighting, camera angle, and background. The operator shall determine
19  these matters in a manner that accurately reproduces the appearance of the witnesses and assures
20  clear reproduction of both the witnesses' testimony and the statements of counsel. The witnesses,
21  or any party to the action, may object on the record to the manner in which the operator handles of
22  any of these matters. Any objections shall be considered by the court in ruling on the admissibility
23  of the videotape record. All such objections shall be deemed waived unless made promptly after the
24  objector knows, or had reasonable grounds to know, of the basis for such objections.

25      8.    The depositions shall be recorded in a fair, impartial, and objective manner. The
26  videotape equipment shall be focused on the witness; however, the operator may, when necessary
27  or appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witness.

28

9. Before examination of each witness begins, the Assistant U.S. Attorney shall state on the record his/her name; the date, time and place of the deposition; the name of the witness; the identity of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the witness on the record. Prior to any counsel beginning an examination of each witness, that counsel shall identify himself/herself and his/her respective client on the record.

10. Once each deposition begins, the operator shall not stop the videotape recorder until the deposition concludes, except that, any party or the witness may request a brief recess, which request will be honored unless a party objects and specifies a good faith basis for the objection on the record. Each time the recording is stopped, the operator shall state on the record the time the recording stopped and the time it resumed. If the deposition requires the use of more than one tape, the operator shall sequentially identify on the record the end and beginning of each tape.

11. All objections both as to form and substance shall be recorded as if the objection had been overruled. The court shall rule on the objections at the appropriate time. The party raising the objection(s) shall prepare a transcript for the court to consider. All objections shall be deemed waived unless made during the deposition.

12. The party offering the deposition into evidence at trial shall provide the court with a transcript of the portions so offered.

13. Copies of all exhibits utilized during the videotaped deposition shall be attached to the videotape record.

14. At the conclusion of the depositions, any objection, including the basis, to release of the material witnesses from custody shall be stated on the record. If there is no objection, the attorney for the material witnesses shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witnesses", and submit the Order to the Clerk of Court for the judge's signature. Prior to release from custody the attorney for the government shall serve the material witnesses with a subpoena for the trial date and a travel fund advance letter.

15. The operator shall provide a copy of the videotape depositions to any party who requests a copy at that party's expense. After preparing the requested copies, if any, the operator

1   shall deliver the original videotapes to the notary along with a certificate signed by the operator

2   attesting that the videotapes are an accurate and complete record of the videotaped depositions.  The

3   notary shall file the original tapes and certification with the Clerk of Court in a sealed envelope

4   marked with the caption of the case, the name of the witnesses and date of the depositions.

5        16.    The notary shall file with the Clerk of Court in a sealed envelope the original

6   videotapes, along with the any exhibits offered during the depositions.  The sealed envelope shall

7   be marked with the caption of the case, the name of the witnesses, and the date of the depositions.

8   To that envelope, the notary shall attach the certificate of the operator.  <u>If all counsel stipulate on the

9   record, the government may maintain the original videotapes until production is ordered by the court

10  or requested by any party.</u>

11       17.    Unless waived by the parties, the notary shall give prompt notice to all parties of the

12  filing of the videotaped depositions with the court pursuant to Federal Rule Civil Procedure 30(f)(3).

13       18.    If any party objects on the record to the release of the material witnesses from

14  custody, the objecting party must request in writing a hearing on the issue before the federal judge

15  who is assigned the case or to such other district judge or magistrate judge as they may designate.

16  <u>Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court

17  within twenty-four (24) hours after the completion of the depositions, with a courtesy copy to

18  chambers.</u>  The court will set a briefing schedule, if appropriate, and a date and time for the objection

19  to be heard as soon as reasonably practicable.  At the hearing, the objecting party must establish to

20  the court's satisfaction an appropriate legal basis for the material witnesses to remain in custody.

21  If, after the hearing, the court orders the release of the material witnesses, the material witness

22  attorney shall immediately present the release order to the court for signature and filing.  Before

23  release of the material witnesses, the government shall serve the material witnesses with a subpoena

24  for the trial date and a travel fund advance letter.

25      **It Is So Ordered.**

26  **Dated:**_____     _____
                                             **United States Magistrate Judge**

27

28